IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST        )
FROM CYPRUS                    )
IN THE MATTER OF               )    Misc. No. 06-
ACTION RENTAL SERVICES         )

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Cyprus. The translation is attached.

FACTUAL BACKGROUND:

. This investigation is being conducted by the Cypriot authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Cypriot authorities seek information from the Delaware Secretary of State's Office and a corporation that resides in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

> take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in _In Re Request for Judicial Assistance from the Seoul District Criminal Court_, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." _In Re Letter of Request from the Crown Prosecution Services of the United Kingdom_, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that the information sought is for use in such proceedings in Cyprus and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. _In Re Letter of Request from the Crown_

*Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

> Respectfully submitted,
>
> COLM F. CONNOLLY
> United States Attorney
>
> BY: _____
> Richard G. Andrews
> Assistant U.S. Attorney
> Delaware Bar I.D. No.2199
> 1007 N. Orange Street
> Wilmington, DE  19801
> (302) 573-6277

Dated: 5/9/06

**REPUBLIC OF CYPRUS**

M.J.P.O.12.3.2.228/1/II /4
Tel: +357 22805942
Fax: +357 22518328
e-mail: mmounti@mjpo.gov.cy

MINISTRY OF JUSTICE
AND PUBLIC ORDER

January 19, 2006

**BY REGISTERED POST**

U.S. Department of Justice
Criminal Division
Office of International Affairs
Washington D.C. 20530
USA

Dear Mrs Gaynus

Subject: <u>Letter of Request from Cyprus in the matter of ACTION RENTAL SERVICES Ltd</u>

    I am directed to refer to your letter with refer. no. 182- 22670 dated 27.10.05 in relation to the above matter. We would like to provide you with additional facts for clarifying the original request.

2.    Mr. Nicolas Marangos is the person for whom the following credit cards we issued:

1. ███████████ of WASHINGTON MUTUAL BANK CALIFORNIA
2. ███████████ of WASHINGTON MUTUAL BANK CALIFORNIA
3. ███████████ of BANK ATLANTIC FSB FLORIDA and
4. ███████████ of BANK ATLANTIC FSB FLORIDA

2.1.    Also the same person (Nicolas Marangos) appears to be the owner and the sole Director of ACTION RENTAL SERVICES Ltd, company for which the following credit cards were issued by the BANK OF AMERICA-NORTH CAROLINA:

1. ███████████
2. ███████████
3. ███████████

2.2.    All the credit cards were used in a deceitful manner in relation to three (3) companies registered in the Republic of Cyprus, namely SATELITE , MAINLINE and ROMONT ENTERPRISES Ltd. The abovementioned companies acted as traders in the company JCC Payments, signing contracts for the provision of services to their USA clients visiting Cyprus for holidays.

2.3    From the investigations that followed, it appeared that no such services were provided, rather that the credit cards were used illegally for obtaining money from the company JCC Payments Systems with the use of fictitious contracts. Consequently, evidence appeared against N. Marangos (holder of

182-22670



the abovementioned cards) as well as against four (4) other persons as mentioned in the original letter of request.

2.4. We would like to inform you that the overall sum of money extracted by the use of the credit cards amounts to CYP 87 471. Unsuccessful attempt was also made for further CYP 50 000 using the same cards.

3. Referring to the clarifications requested with your letter dated 27.10.05, please note the following:

   (a) the word "his" should be changed as to read "**the**"
   (b) in the line "After checking it resulted that...", the word "it" refers to **after checking it by the Police**.
   (c) the phrase "concern the period 25.07.05-02.08.03" should be for the period 25.07.05- 02.08.05.

4. Finally please note, on the second page, fifth (5th) paragraph where the credit cards numbers of ACTION RENTAL SERVICES are mentioned, a mistake was detected. Therefore please change the mentioned figure as follows:



5. Hopefully, the abovementioned facts have clarified your questions. Please do not hesitate to contact us for anything further you may anticipate.

Yours sincerely,

(M. Mounti, Ms)
for Permanent Secretary
Ministry of Justice
and Public Order

Copy to: Chief of the Police (ΔΕΕ-ΔΑΣ/ΓΑΣ/449/2 (08/05)

MM/MM
(αιτήσεις δικ αρωγής-ΗΠΑ-12 3 2 207/1/II/4-letter no 2)

REPUBLIC OF CYPRUS

MINISTRY OF JUSTICE
AND PUBLIC ORDER

M.J.P.O.12.3.2.228/ III/ 4
Tel: +357 22805942
Fax: +357 22518328
e-mail: mmounti@mjpo.gov.cy

September 29, 2005

**BY REGISTERED POST**

U.S. Department of Justice
Criminal Division
Office of International Affairs
Washington, D.C. 20530
USA

**Treaty between Cyprus and the United States of America on legal assistance in criminal matters**

**Request for Legal Assistance in a Criminal Investigation concerning the company "ACTION RENTALS SERVICES Ltd"**

I refer to the above Treaty between the United States of America and the Republic of Cyprus, and I would like to forward you a letter of request for legal assistance prepared by the Police Headquarters in Limassol, which seeks evidence from the United States of America in relation to a criminal investigation being conducted by the Cyprus Police involving a case of:

Conspiracy to commit felony, contrary to Article 371 of the Cyprus Criminal Code, Chapter 154

Forgery, contrary to Article 331 of the Cyprus Criminal Code, Chapter 154

Making a false document, contrary to Article 333 of the Cyprus Criminal Code, Chapter 154

Uttering False documents, contrary to Article 339 of the Cyprus Criminal Code, Chapter 154

Fraud, contrary to Article 297 of the Cyprus Criminal Code, Chapter 154

Attempt to commit offences, contrary to Article 367 of the Cyprus Criminal Code, Chapter 154

Offences contrary to the Law on Laundering, Search, Seizure and Confiscation from the Proceeds of Crime No. 96 (I)/ 1996



— Certified Copies of the relevant extract of the aforementioned Law are enclosed in the request.

2. Kindly note that under para 2 section 8 of the International Co-Operation in Criminal Matters Law No. 23(I) of 2000, the evidence obtained as a result of this letter of request cannot be used without your consent, for any other purpose than that specified in the request.

3. We would be grateful if you can acknowledge receipt of this Request by fax, post or any other possible means.

4. We look forward to hearing from you.

By Order of
the Minister of Justice and Public Order
Mr. D. Theodorou

(M. Mounti, Ms)
Administrative Officer
Unit for International Legal Cooperation

Copy to: Chief of the Police (ΔΕΕ-ΔΑΣ/ΓΑΣ/ 449/ 2(05/05))

MM/MM
(αιτήσεις δικ.αρωγής-ΗΠΑ-12.3.2.228/II /4-letter no.1)



ΚΥΠΡΙΑΚΗ    ΔΗΜΟΚΡΑΤΙΑ

MINISTRY OF JUSTICE AND
PUBLIC ORDER
POLICE HEADQUARTERS IOF
LIMASOL
Tel.00357-25-805054   Fax.00357-25305402

To the Judicial Authorities of the Unite States of America

JUDICIAL SUCCOUR
(COMMISSION ROGATOIRE)

The Police of Cypriot Republic and specifiacaly, the Economic Crime Investigation offices of the Limassol Police Headquarters' are carrying out interrogations with regard to affairs of conspiracy to perpetration of felony, counterfeiting, circulation of factitious document, detachment of fortune with False presentation F/P amounting to up to £ 89471, = attempt of detachment of the sum £ 50000, = by means of False presentation F/P, fraud, observation of false accounts as also and offences concerning cover up Art.3,4,5 N.61(1)/96, which took place between June 09/08/05 in Limasol.

Specifiacaly on the 04/08/05 the company JCC Payments Systems (company that examines and permits transactions with credit cards and which represents the interests of foreigner banks when they are aggrieved in Cyprus ) complained the following :

During the months June-July 2005 in the aspect of usual checks that were carried out by the company JCC Payments Systems, it was realised that continuous transactions with the use of 4 American cards in the name Nicolas Marangos, for sums over £ 1000, = for each transaction, and this on a daily basis. This concerns the credit cards with the following numbers:

 Washington Mutual Bank-California
Washington Mutual Bank-California
Bank Atlantic FSB Florida
Bank Atlantic FSB Florida

The use of credit cards were by two companies that recently worked together with JCC Payments System, specifically on the 08/06/05 ATM machines were established of acceptance, which are:

- Company « Stateline Enterprises Ltd. »
  Address ███████████████████████
  Manager: Georgos Panayiotou No.███████ American passport.

- Company « Mainline Enterprises Ltd. »
  Address Franklino Rousesvelt 106 office 1 Limassol
  Manager: Chris Kiltsikis from Greece

Then communication with the above companies for rationales of their transactions, where mentioned by their directors, that the transactions concerned benefit of services for tourists from America for rental of cars and also yachts. This process became as mentioned with the mediation of companies rentals cars Hertz and Avis. (Without it being specified if the companies where from Cyprus or from Abroad).

Initially, his reason that the transactions, were transaction pre approved they did not give any suspicions for anything. Later however in a more annotate search that the JCC made, they realised that the 4 above mentioned cards where used in individual cases for payment of different transactions, for very smaller sum.

However in some stage the transactions with the use of cards, in the above mentioned companies amounted to £45000, =, were judged purposely by the JCC Payments System the reasons of transactions and the history of companies are to be investigated in-depth. After checking they realised the following:

- "The nature of work as they declared in the contracts that where made together with company JCC Payments Systems were the benefit of services for tourists from America for rental of cars and yachts.Specificaly they worked with the American company "ACTION RENTALS" director of which is Nicolas Marangos and which is registered in the Florida.

- "The owners of both companies are from Greece with declared address of distribution in Greece" ███████████████████ Athens "

- "After checking it resulted that a company existed that occupies also with the benefit of services the" Romont Enterprises Ltd.  "address road John Kennedy Iris House 740V and director the Greek Christos Tzavella. This company received transactions pre sanction with the use of 3 different American cards with numbers:

███████████ Bank of America – North Carolina
███████████ Bank of America – North Carolina
███████████ Bank of America – North Carolina

This transactions valued £50000, = up to today have not been paid and concern the period 25.07.05-02.08.05. Also they were still located a company of similar nature the « Whitelaw Enterprises Ltd. » road Fragklino Rousveilt106 office 1 Limassol ,

with manager the Greek Nicolas Mazarakis with passport number  without notifying transactions too them

- "The owner of the company" Staleline Enterprises Ltd. "Giorgos Nikolaou Panayiotou, of Greek American origin with No. of American passport which from information that was given, occupied so much the Greek Authorities as also the American Authorities, from the year 2000 up to today for affairs of fraud with forged credit cards.

- "The sum that was deposited in the account of the company" Staleline Enterprises Ltd. "because of suspicious transactions, in the Bank Cyprus Mainline is £46671, = and in the account of company" Enterprises Ltd. "in the Hellenic Bank £42800, =. Concerning the third company pre sanction was regarded for the transactions of the amount £50000, =. Without being paid today this sum, although concerning the fourth company nothing suspicious came up for anything because no credit card transactions were made, even if during the same period with the previous companies an ATM machine was established.

- In a later stage a part of the sums that were deposited in the Cyprus banks, a withdraw with cheques of companies, from Yiannaki the Aravi, person who provided services at the registration and establishment of the companies.

- "In no case however the two first companies could not argue their transactions with tariffs or proofs, except that the presented contract factitious on benefit of services amounting to £50000, = to some person with the name Chris Williams for the period 26/07/05 - 30/08/05 with declared address the hotel Four Seasons Limassol. After investigations that took place they found out that no individual stayed with these details, in the above hotel.

According to the Police investigations that were carried out via the company Hertz in Cyprus and they found out that in no circumstances did it co-operate with the 4 above mentioning companies.

On the 10/08/05 Nicolas Marangos and Yiannakis Aravis where arrested by juridical warrants of arrest. Warrants were also published against the rests of involving persons, however they were not found in order to arrest them.

A search followed in the office of the arrested and evidence such as documents that concern the involving companies, credit cards and accountant documents were restrained which are being studied.

Details of relative Legislation that concern the under-investigation offences, are mention in the following:

- (Art.371 chap.154 )

- whoever co-operates with someone else to commit felony or takes action in any part of the world who if he took action in the Republic it would be a

felony and which is penal offence with the laws that exist in the place where planed to take place is guilty of felony and if is not given different sentence being in imprisonment of seven times or in order that for the felony that attracts at maximum limit sentence inferior than the imprisonment of seven times in such inferior sentence.

- (Art.331 chap.154 )

Counterfeiting is the written forged document aiming at counterfeiting.

- (Art.333 chap.154 )

Someone prepares a forged document when
- prepares a document that is presented as not to be in reality
- he mutates a document without authority in such a way that if the alteration had been permitted the consequences of document would be altered
- during the preparation of a document something is imported without authority which if imported after being given authority it would of altered continuously the consequences of document
- he signes a document
- with the name of different person without the authorisation independent if this name is the same with that that signs it or not .
- With the name of a fantastic person that shows that he exists independently if the fantastic person shows or not that he has the same name with that who signs or
- With name that poses as it belongs to a person different from that who signs and that plans it is considered that it is the name of the said person.
- "With the name of person counterfeited from that who signs the document mentioned that the consequences of document depends from the equation of that person that signs the document with the person which he assumes that he is.

- (ART.335 CHAP.154 )

Whoever counterfeits a document is guilty of a penal offence which unless is charged with different felonies he can be sentenced to imprisonment for up to three years unless because of the circumstances of the counterfeiting or nature the counterfeits certain different sentence is anticipated .

- (ART.339 chap.154)

Whoever knows and places with a cheating manner in circulation a forged document is guilty of penal offence of the same kind of sentence as if he forged the said thing.

- (ART.297 chap.154 )

False representation is any kind of representation made in the past or present that is made either with reasons with document or behaviour which is false actually and which he poses as knows that it is false or does not believe that it is genuine.

Whoever with any false representation and aiming at tricking acquires from someone anything that can result as an object of theft or constitutes object of theft or instigates someone else to deliver it to anyone he is guilty of an offence and foresees imprisonment for three times .

- (ART.367 chap.154 )

Whoever attempts to commit a crime or a felony is guilty of felony unless it is otherwise foreseen.

- (Art3,4,5 N61(1)/96 )

- This law is applied concerning offences that are mentioned below and which for aims of this Law thy will be called set offences:
    A) Covered up offence
    B) First offences
    . While each person who
    . A) knows or
    . B) owed to know at the time that any form of fortune constitutes income
    . Changes, transmits or moves such fortune with a view to hide his cover up illegal origin or provides with any manner help to someone which is involved in his perpetration first offence in order for this person to proceed in committing the above actions or activities or acts in order to avoid legal consequences of action and his activities
He hides the true nature the source the source the place the disposal the movement the rights concerning fortune or with this property
He acquires possesses or uses such fortune
He participates in doing co-operates in order to take place and provides subscription and help guidance or advice in the perpetration to anyone from offences that are mentioned above
He provides information with regard to investigations taking place concerning the cover up of income for first time offence with a view to the person potential that acquired profit from the perpetration of the first time offence and maintains the income or the control of income from the offence
Committing an offence which is punished with imprisonment of 14 years or pecuniary sentence or even with the two this sentences in the case (a) above or with imprisonment of five years with pecuniary sentence or even the two this sentences in the case (b) above
For aims of section (1)
"The first time offence does not have any importance if it is under the jurisdiction of Cypriot Courts
Cover up offences can be committed also by first time offenders
"The knowledge intention or aim that is required as elements of offences that mentioned in the part (1) are given to be gathered by objective real circumstances.
First time offences are the pinical offences that are offences are the penal offences

as result of which income emanated which are given they constitute the object of offence the cover up as it is fixed in article 4 and is following:
Premeditated Murder
- Offence of moving narcotics
Offences with regard to illegal import export marketing possession transport and moving arms and munitions
Offences with regard to the import export market sale disposal possession transport of stolen objects of work of art of antiquities of samples of cultural heritage
"The kidnapping underage or intellectual delayed individual or any different person adversely in his will for any illegal aim.

Obstruction of property or money of any kind under the threat of violence or the use of violence or any other illegal action or activity
Any other offence or kind of offence that is punished by the means of imprisonment over 24 months and that the Ministry Comity by order published in the Official State newspaper considers as first time offences.
For the fulfilment of the Police investigations we are applying for judicial aid from the Court Authorities of the USA for the bellow investigations:

1. Details concerning the company "ACTION RENTALS SERVICES LTD(Inc)"
   Registered in Florida.

   If it exists, where is it based, who is the owner and the director.
   What is the relation of Nikola Marangou with this company.
2. Details concerning Nikola Marango
   Passport No. Greek
   Florida driving license No.
   His Address :

   What profession , his last registered address
   If he has been involved in any police cases
   If he has bank accounts in other banks as well.

3. Investigations in the banks that issued the credit cards:
   Bank of America-North Caralina
   Washington Mutual Bank-California
   Bank Atlantic FSB Florida

   Under what circumstances the issued the credit cards in the name of Nikola Marangou
   If the banks have been financially damaged due to the actions of Nikola Marangou
   If any investigations are being carried by the police Authorities out concerning money laundry.

3. Details concerning "Georgo Panayiotou"
   American Passport Number:

<u>Date of birth:</u> ███████

      What profession, his last registered address
      If he has been involved in any police cases
      If he has bank accounts in other banks as well or if he has any other bank accounts.

Due to the complexity of this affair, the presence of interrogators in Unite States of America for further investigation and receiving evidence has been suggested to be essential.

29/08/05                                            *[signature]*
                                                       A. Iatropoulos
                                                    Police director Limassol

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM CYPRUS ) | |
| IN THE MATTER OF ) | Misc No. 06- |
| ACTION RENTAL SERVICES ) | |

<u>ORDER</u>

Upon application of the United States of America; and upon examination of a letter of request from Cyprus whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Cyprus and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Cypriot authorities as follows:

    1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

    2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

    3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Cyprus, which procedures may be specified in the request or provided by the Cypriot authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Cypriot authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2006.

_____
United States District Court Judge

2